**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (249203)
ak@kazlg.com
Matthew M. Loker, Esq. (279939)
ml@kazlg.com
Elizabeth Wagner, Esq. (317098)
elizabeth@kazlg.com
1303 East Grand Avenue, Ste. 101
Arroyo Grande, CA 93420
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone:   (619) 233-7770
Facsimile:    (619) 297-1022

*Attorneys for Plaintiffs*,
Bobby Gray; and, Tanyeal Gray

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **BOBBY GRAY; AND, TANYEAL GRAY,**<br><br>Plaintiffs,<br><br>v.<br><br>**MAS FINANCIAL SERVICES, INC.,**<br><br>Defendant. | Case No.:<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:**<br><br>I.    **THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, *ET SEQ.*;**<br><br>II.   **THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788, *ET SEQ.*; AND**<br><br>III.  **CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT, CAL. CIV. CODE §§ 1785.1, *ET SEQ.***<br><br>**JURY TRIAL DEMANDED** |

KAZEROUNI LAW GROUP, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

KAZEROUNI LAW GROUP, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

### INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.  The Legislature has further determined that there is a need to insure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[1]

3. The California legislature found that the banking system is dependent upon fair and accurate credit reporting; and that, inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. The California Consumer Credit Reporting Agencies Act was enacted to insure fair and accurate reporting, promote efficiency in the banking system and protect consumer privacy; and to insure

---

[1] Cal. Civ. Code §§ 1788.1 (a)-(b)

**PLAINTIFF BOBBY AND TANYEAL GRAY'S COMPLAINT FOR DAMAGES FOR VIOLATION OF THE FDCPA, THE RFDCPA, AND THE CCCRAA**

that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers.[2]

4. BOBBY GRAY; and, TANYEAL GRAY ("Plaintiffs"), by Plaintiffs' attorneys, brings this action to challenge the actions of MAS FINANCIAL SERVICES, INC. ("Defendant") with regard to attempts by Defendant, debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiffs, and this conduct caused Plaintiffs damages.

5. Plaintiffs, by Plaintiffs' attorneys, also bring this action to challenge with regard to Defendants' reporting of erroneous negative and derogatory reports to Plaintiffs' credit report, as that term is defined by Cal. Civ. Code §§ 1785.3(c).

6. Plaintiffs allege as follows upon personal knowledge as to themselves and their own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

7. Plaintiffs make these allegations on information and belief, with the exception of allegations that pertain to another Plaintiffs, or to Plaintiffs' counsel, which Plaintiffs allege on personal knowledge.

8. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

9. Unless otherwise stated, Plaintiffs allege that any violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violation.

///

///

KAZEROUNI LAW GROUP, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

---

[2] Cal Civ. Code § 1785.1

**PLAINTIFF BOBBY AND TANYEAL GRAY'S COMPLAINT FOR DAMAGES FOR VIOLATION OF THE FDCPA, THE RFDCPA, AND THE CCCRAA**

KAZEROUNI LAW GROUP, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

10. Unless otherwise indicated, the use of any Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that Defendant named.

### JURISDICTION AND VENUE

11. Jurisdiction of this Court arises pursuant to 28 U.S.C. §1331; 15 U.S.C. § 1692 *et seq.*; and, 28 U.S.C. § 1367 for supplemental state claims.

12. Jurisdiction of this Court is proper because the events leading to Plaintiffs' causes of action occurred in the County of Orange and in the State of California.

13. This action arises out of Defendant's violations of (i) the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"); (ii) the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788.17 ("RFDCPA"); and the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code §§ 1785.1. *et seq.* ("CCCRAA").

14. Because Defendant does business within the State of California, personal jurisdiction is established.

15. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiffs reside in the County of Orange, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendant conducted business within this judicial district at all times relevant.

### PARTIES

16. Plaintiffs are natural persons who resides in the County of Orange, State of California, from whom Defendant sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiffs.  In addition, Plaintiffs are "consumers" as that term is defined by 15 U.S.C. § 1692a(3); and, "debtors" as that term is defined by Cal. Civ. Code § 1788.2(h).

17. Plaintiffs are informed and believe, and thereon allege, that Defendant is a corporation headquartered in the City of Santa Ana in the State of California and is therefore a "person" as that term is defined by Cal. Civ. Code § 1788.2(g).

18. Plaintiffs are informed and believe, and thereon allege, that Defendant, in the ordinary course of business, regularly, on behalf of themselves or others, engage in "debt collection" as that term is defined by California Civil Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by California Civil Code § 1788.2(c); and, 15 U.S.C. § 1692a(6).

19. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by 15 U.S.C. § 1692a(5); and Cal. Civ. Code § 1788.2(e)-(f);

20. In addition, Plaintiffs are "consumers" as that term is defined by Cal. Civ. Code § 1785.3(b);

21. Defendant is also a "person" as that term is defined by Cal. Civ. Code § 1785.3(j).

22. The causes of action herein also pertain to Plaintiffs' "consumer credit report(s)" as that term is defined by Cal. Civ. Code § 1785.3(c), in that inaccurate representations of Plaintiffs' credit worthiness, credit standing, and credit capacity were made via written, oral, or other communication of information by a consumer credit reporting agency, which is used or is expected to be used, or collected in whole or in part, for the purposes of serving as a factor in establishing Plaintiffs' eligibility for, among other things, credit to be used primarily for personal, family, household and employment purposes.

///

///

KAZEROUNI LAW GROUP, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

**PLAINTIFF BOBBY AND TANYEAL GRAY'S COMPLAINT FOR DAMAGES FOR VIOLATION OF THE FDCPA, THE RFDCPA, AND THE CCCRAA**

## FACTUAL ALLEGATIONS

23. At all times relevant, Plaintiffs are individuals residing within the State of California and within this judicial district.

24. At all times relevant, Defendant conducted business in the State of California.

25. On January 28, 2013, Plaintiffs filed suit against Defendant in the Orange County Superior Court in a matter entitled *Gray, et al. v. MAS Financial Services, Inc.*, case number 30-2013-00627212 ("Gray I").

26. Gray I was solely based upon Defendant's repeated contacts at Plaintiffs' respective places of employment.

27. During said communications, Defendant disclosed to Plaintiffs' co-workers that Defendant was attempting to collect upon a judgment Defendant obtained against Plaintiffs.

28. Gray I did not concern the amount of Plaintiffs' debt.

29. Gray I was not based upon Defendant's reporting of Plaintiffs' debt to the credit bureaus.

30. Following litigation Plaintiffs and Defendant entered into a settlement agreement.

31. Pursuant to the terms of the settlement agreement Plaintiffs were to dismiss their claims against Defendant with prejudice.

32. In exchange for dismissing Plaintiffs' claims against Defendant with prejudice, Defendant was to refrain further collection attempts and/or credit reporting.

33. On October 16, 2014, the entire action against Defendant was dismissed with prejudice pursuant to the Parties' settlement agreement.

34. To date, Defendant continues to report delinquencies to Plaintiffs' credit reports.

KAZEROUNI LAW GROUP, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

KAZEROUNI LAW GROUP, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

35. These alleged finance obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt[s]" as that term is defined by 15 U.S.C. § 1692a(5) and California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

36. Plaintiffs, at all times relevant, dispute the validity of the alleged debt.

37. Reporting this debt as described above constitutes "debt collection" as that phrase is defined by Cal. Civ. Code § 1788.2(b).

38. As such, Defendant's conduct constitutes conduct that is false, deceptive and/or misleading in violation of the FDCPA and the RFDCPA.

39. Through this conduct, Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt. This section is incorporated into the Rosenthal Act through Cal. Civ. Code § 1788.17.  Thus, Defendant has also violated Cal. Civ. Code § 1788.17.

40. Through this conduct, Defendant violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of any alleged debt. This section is incorporated into the Rosenthal Act through Cal. Civ. Code § 1788.17.  Thus, Defendant has also violated Cal. Civ. Code § 1788.17.

41. Through this conduct, Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of any alleged debt. This section is incorporated into the Rosenthal Act through Cal. Civ. Code § 1788.17. Thus, Defendant has also violated Cal. Civ. Code § 1788.17.

42. Through this conduct, Defendant violated 15 U.S.C. § 1692e(8) by communicating to the credit bureaus credit information which is known or should be known to be false. This section is incorporated into the Rosenthal Act through Cal. Civ. Code § 1788.17. Thus, Defendant has also violated Cal. Civ. Code § 1788.17.

43. Through this conduct, Defendant violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect Plaintiffs' alleged debt. This section is incorporated into the Rosenthal Act through Cal. Civ. Code § 1788.17. Thus, Defendant has also violated Cal. Civ. Code § 1788.17.

44. Through this conduct, Defendant violated 15 U.S.C. § 1692f(1) by attempting to collect any interest, fee, charge or expense incidental to the principal obligation which is not expressly authorized by the agreement creating the debt or permitted by law. This section is incorporated into the Rosenthal Act through Cal. Civ. Code § 1788.17. Thus, Defendant has also violated Cal. Civ. Code § 1788.17.

45. Through this conduct, Defendant has also violated Cal. Civ. Code § 1785.25(a) by furnishing information to consumer reporting agencies that Defendant knew or should have known was inaccurate.

46. Defendant's inaccurate and negative reporting of the account despite knowledge of the fact that the debt was invalid was willful.

47. Defendant's failure to correct the inaccuracies on Plaintiffs' credit reports was intentional and in reckless disregard of its duty to refrain from reporting inaccurate information.

48. Accordingly, Defendant willfully and negligently failed to comply with its respective duties to have in place procedures reasonable adapted to avoid the reporting of inaccuracies.

49. Defendant's inaccurate and negative reporting damaged Plaintiffs' creditworthiness.

KAZEROUNI LAW GROUP, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

50. As a result of Defendant's action and inaction, Plaintiffs have suffered damage by loss of credit, loss of ability to purchase and benefit from credit, increased costs for credit, mental and emotional pain and anguish, and humiliation and embarrassment of credit denials.

51. Defendant is liable for Plaintiffs' damages under the CCCRAA pursuant to Cal. Civ. Code § 1785.25(g) because Defendant, a furnisher, did not maintain reasonable procedures to avoid the violations described herein.

52. To date, said derogatory mark remains on Plaintiffs' credit report with Defendant and continues to damage Plaintiffs.

53. Plaintiffs suffered an invasion of a legally protected interest by being humiliated and discouraged from applying for credit because Defendant was reporting inaccurate and derogatory information about her on her credit report.

54. Plaintiffs were affected personally because Plaintiffs were humiliated and discouraged from applying for credit because of Defendant's inaccurate and derogatory report.

55. Plaintiffs' injury is concrete as Defendant's conduct of reporting inaccurate and derogatory information is analogues to common law defamation.

56. Consequently, the CCCRAA was enacted to insure fair and accurate reporting, promote efficiency in the banking system and protect consumer privacy; and to ensure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. Such transgressions by Defendant would progress to worse behavior if the California legislature had not created laws to give vulnerable consumers a voice through the statute alleged.

KAZEROUNI LAW GROUP, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

### COUNT I

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §§ 1692-1692(p) (FDCPA)

57. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

58. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA.

59. As a result of each and every violation of the FDCPA, Plaintiffs are entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

### COUNT II

### VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
### Cal. Civ. Code §§ 1788-1788.32 (RFDCPA)

60. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

61. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

62. As a result of each and every violation of the RFDCPA, Plaintiffs are entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

KAZEROUNI LAW GROUP, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

KAZEROUNI LAW GROUP, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

## COUNT III

### VIOLATION OF THE CAL. CONSUMER CREDIT REPORTING AGENCIES ACT

### Cal. Civ. Code § 1785.1, *et seq.* (CCCRAA)

63. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

64. The foregoing acts and omissions constitute numerous and multiple violations of the California Consumer Credit Reporting Agencies Act.

65. In the regular course of its business operations, Defendant routinely furnishes information to credit reporting agencies pertaining to transactions between Defendant and its consumers, so as to provide information to a consumer's credit worthiness, credit standing and credit capacity.

66. Because Defendant is a partnership, corporation, association, or other entity, and is therefore a "person" as that term is defined by Cal. Civ. Code § 1785.3(j).

67. Defendant is and always was obligated to not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should have known that the information is incomplete or inaccurate, as required by Cal. Civ. Code § 1785.25(a).

68. Defendant knew or should have known that Defendant was not able to report that the alleged debt was owed by Plaintiffs at all on Plaintiffs' credit reports. Thus, Defendant violated Cal. Civ. Code § 1785.25(a).

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray that judgment be entered against Defendant for:

- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a), against Defendant;
- An award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1), against Defendant;

**PLAINTIFF BOBBY AND TANYEAL GRAY'S COMPLAINT FOR DAMAGES FOR VIOLATION OF THE FDCPA, THE RFDCPA, AND THE CCCRAA**

- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1785.31(a)(2)(A), against Defendant;

- An award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), against Defendant;

- An award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), against Defendant;

- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c), against Defendant;

- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3), against Defendant;

- An award of attorneys' fees and costs pursuant to Cal. Civ. Code § 1785.31(a)(1); and, Cal. Civ. Code § 1785.31(d) against Defendant;

- An award of punitive damages of $100-$5,000 per willful violation of Cal. Civ. Code § 1785.25(a), pursuant to Cal. Civ. Code § 1785.31(a)(2)(B);

- For equitable and injunctive relief pursuant to Cal. Civ. Code § 1785.31(b); and,

- Any and all other relief the Court deems just and proper.

## TRIAL BY JURY

69. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demand, a trial by jury.


Dated: January 5, 2018                          Respectfully submitted,


**KAZEROUNI LAW GROUP, APC**


By:    /s/ Matthew M. Loker    
MATTHEW M. LOKER, ESQ.
ATTORNEY FOR PLAINTIFFS

KAZEROUNI LAW GROUP, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

**PLAINTIFF BOBBY AND TANYEAL GRAY'S COMPLAINT FOR DAMAGES FOR VIOLATION OF THE FDCPA, THE RFDCPA, AND THE CCCRAA**